BROU *vs.* KOHN.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

An order of seizure and sale cannot be sustained, on a judgment which is neither alleged or shown to have been recorded.

So, an order of seizure and sale cannot issue against property in the hands of a third possessor, unless the act of mortgage is duly recorded, and produced.

The plaintiff shows, that in May, 1835, she obtained a judgment of separation of property against her husband, for the restitution of her dotal and paraphernal rights, amounting to six thousand four hundred and thirty-three dollars, with a legal mortgage; upon which she prayed and obtained an order of seizure and sale against certain slaves, in possession of the defendant as third possessor.

The defendant made opposition, and took a rule to set the order of seizure and sale aside, on the ground, principally, that the order was issued without the production of the authentic acts and evidence required by law.

The judgment of separation was produced, but it did not appear to have been recorded. This judgment purported to be for the sum of six thousand four hundred and thirty-three

dollars, the amount due for the plaintiff's paraphernal rights, with mortgages and privileges secured by law. At the foot of the petition she made oath that this sum was due to her, and that she had in vain demanded it from her debtor for more than thirty days previous to instituting this suit; that the property on which she claims to have a mortgage, is now in the hands of the defendant, and that she has given him notice, more than ten days, that unless he paid the debt, she would proceed by seizure of the mortgaged property, etc.

The parish judge refused to set aside the order of seizure, and the defendant appealed.

*Canon*, for the plaintiff, insisted that the judgment of the Parish Court was correct, and should be affirmed, because the judgment upon which the order of seizure and sale issued, contained in it a mortgage, and imported a confession of judgment.

*J. Slidell, contra.*

1. The order of seizure and sale issued improperly, and should have been set aside, because the plaintiff did not show that ten days previous notice had been given to the third possessor. The judgment of the plaintiff was not recorded. This objection is fatal. 7 *Martin, N. S.,* 577.

2. The record of the suit of Brou *vs.* Her husband was not referred to in the original petition; it was not subsequently offered in evidence, nor could it have been without changing the execution to the ordinary process. If this be done, the order of seizure and sale must be dismissed. 8 *Martin, N. S.,* 96. 2 *Louisiana Reports,* 547.

3. No order of seizure and sale can issue to enforce a general mortgage, resulting from a judgment establishing the claim of a wife; still less can such a process be resorted to, when the judgment was obtained at a period subsequent to that at which the third possessor acquired title and possession. The defendant is not bound by the judgment, and may require proof of the verity of the plaintiff's claim against her husband. 4 *Louisiana Reports,* 422.

EASTERN DIST.    *Martin, J.*, delivered the opinion of the court.

*March*, 1828.    The defendant is appellant from a judgment overruling

BROU            his motion to set aside an order of seizure and sale obtained
*vs.*
KOHN.           by the plaintiff, for the purpose of having a judgment against her husband, for her dotal and paraphernal property, executed on certain slaves, the property, and in the possession of the defendant.

One of the grounds relied on, is, that "the facts alleged in the petition are not such as to authorize the issuing of an order of seizure and sale;" and it was "issued without the production of the authentic evidence required by law."

The plaintiff's mortgage for her dotal property was necessarily a conventional one, resulting from her contract of

An order of    marriage. The amount of her claim thereon, and for her
seizure and sale
cannot be sus-  paraphernal property, was liquidated by the judgment which
tained, on a    she obtained against her husband. The marriage contract
judgment which
is neither alle- was not produced, and the order was claimed on the judg-
ged or shown to
have been re-   ment only, which is neither alleged, nor shown to have been
corded.         recorded.

So, an order    The Civil Code (3314) provides, that mortgages (conven-
of seizure and
sale cannot issue tional or judicial) are only allowed to prejudice third persons,
against property when they have been publicly inscribed on records kept for
in the hands of
a third possessor, that purpose. In the case of Sinnott *vs.* Michel, 7 Martin,
unless the act of N. S., 377, we held, that "an order of seizure and sale can-
mortgage is duly
recorded, and   not issue on property in the hands of a third person, unless
produced.       on the production of an act of mortgage, duly recorded."

The parish judge, in our opinion, erred in overruling the motion.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, and that the order for seizure and sale be set aside; the plaintiff and appellee paying costs in both courts.